**PELTON & ASSOCIATES, PC**
Brent E. Pelton
Taylor B. Graham
111 Broadway, Suite 1503
New York, New York 10006
Telephone: (212) 385-9700

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **MILTON GREENE and JEAN BAPTISTE TURENNE, Individually and on Behalf of all other Employees Similarly Situated,**<br><br>**Plaintiffs,**<br><br>-against-<br><br><br>**SUBCONTRACTING CONCEPTS, LLC d/b/a SCI, CHELSEA INDUSTRIES, INC. d/b/a SAME DAY DELIVERY, KARMOKO DOE, OMAR DOE and ROBERT  SLACK, Jointly and Severally,**<br><br>**Defendants.** | **ECF Case**<br><br><br> **13 Civ. 1500 (AJN)** |

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION TO CONDITIONALLY CERTIFY A FAIR LABOR STANDARDS ACT COLLECTIVE ACTION AND AUTHORIZE NOTICE TO BE ISSUED TO ALL PERSONS SIMILARLY SITUATED

# TABLE OF CONTENTS

**Page**

Table of Authorities ................................................................................................. ii

PRELIMINARY STATEMENT ................................................................................ 1

STATEMENT OF FACTS ........................................................................................ 4

ARGUMENT ............................................................................................................ 8

I.     CONDITIONAL CERTIFICATION OF A COLLECTIVE ACTION IS
       APPROPRIATE ................................................................................................ 6

       A.    Conditional Certification Requires Only a Minimal Showing that Plaintiffs
             Are Similarly Situated to Other Employees ........................................... 9

       B.    All Same Day Delivery Collective Action Members Are Similarly
             Situated ................................................................................................ 11

       C.    All Need It Now Collective Action Members Are Similarly Situated ........ 12

II.    THE ISSUANCE OF A *HOFFMAN-LAROCHE* NOTICE IS APPROPRIATE .......... 14

       A.    The Proposed Notice Is Fair and Accurate ........................................... 14

       B.    This Court Should Order Defendants to Produce the Limited Amount of
             Information Necessary to Ensure Timely and Effective Notice ............... 17

CONCLUSION ....................................................................................................... 19

# TABLE OF AUTHORITIES

**Page**

## CASES

*Ack v. Manhattan Beer Distributors, Inc.*,
No. 11-cv-5582, 2012 U.S. Dist. LEXIS 67883 (E.D.N.Y. May 15, 2012) ..........................15

*Ansoumana v. Gristedes Operating Corp.*,
255 F. Supp. 2d 184 (S.D.N.Y. 2003).......................................................................................10

*Braunstein v. Eastern Photographic Laboratories, Inc.*,
600 F.2d 335 (2d Cir. 1979)......................................................................................................14

*Cano v. Four M Food Corp.*,
2009 U.S. Dist. LEXIS 7780 (E.D.N.Y. Feb. 3, 2009)............................................................10

*Cohen v. Gerson Lehrman Grp., Inc.*
686 F. Supp. 2d 317 (S.D.N.Y. 2010).......................................................................................12

*Cook v. United States*,
109 F.R.D. 81 (E.D.N.Y. 1985) ................................................................................................17

*Cunningham v. Elec. Data Sys. Corp.*,
754 F. Supp. 2d 638, 644 (S.D.N.Y. 2010)................................................................................9

*Damassia v. Duane Reade, Inc.*,
U.S. Dist. LEXIS 73090 (S.D.N.Y. Oct. 5, 2006) ...................................................................12

*Delaney v. Geisha NYC, LLC*,
261 F.R.D. 55, 60 (S.D.N.Y. 2009) ..........................................................................................21

*Diaz v S&H Bondi's Dept. Store, Inc.*,
No. 10 Civ. 7676 (PGG), 2012 U.S. Dist. LEXIS 5683 (S.D.N.Y. Jan. 18, 2012) ................18

*Garza v. Chicago Transit Authority*,
2001 U.S. Dist. LEXIS 6132 (N.D. Ill. May 8, 2001) .............................................................18

*Gayle v. Harry's Nurses Registry, Inc.*,
2009 U.S. Dist. LEXIS 17768, 33-34 (E.D.N.Y. Mar. 9, 2009)...............................................12

*Gjurovich v. Emmanuel's Marketplace, Inc.*,
282 F. Supp. 2d 101 (S.D.N.Y. 2003)...........................................................................9, 14, 16

*Guillen v. Marshalls of MA, Inc.*,
750 F. Supp. 2d 469, 475 (S.D.N.Y. 2010)................................................................................7

**Page**

*Hallissey v. Am. Online, Inc.*,
No. 99 Civ 3785, 2008 WL 465114 (S.D.N.Y. Feb. 19, 2008) ...............................14

*Hinterberger v. Catholic Health Sys., Inc.*,
No. 08 Civ. 380S (LFG), 2010 U.S. Dist. LEXIS 96435 (W.D.N.Y. May 13, 2010)............16

*Hoffman v. Sbarro, Inc.*,
982 F. Supp. 249 (S.D.N.Y. 1997) ...........................................................8, 14, 21

*Hoffman-LaRoche, Inc. v. Sperling*,
493 U.S. 165 (1989)......................................................................... *passim*

*Holbrook v. Smith & Hawken, Ltd.*,
246 F.R.D. 103 (D. Conn. 2007).............................................................14

*Iglesias-Mendoza v. La Belle Farm, Inc.*
239 F.R.D. 363, 368 (S.D.N.Y. 2007) .........................................................9

*Indegrit v. Rite Aid Corp.*,
No. 08 Civ. 9361 & 11364, 2010 WL 2465488 (S.D.N.Y. June 16, 2010)...........................12

*In re Deloitte & Touche, LLP Overtime Litigation*,
No. 11 Civ. 2461, 2012 U.S. Dist. LEXIS 12641 (S.D.N.Y. Jan. 17, 2012)..........................18

*Iriarte v. Redwood Deli & Catering, Inc.*,
2008 U.S. Dist. LEXIS 50072 (E.D.N.Y. June 30, 2008) ......................................10

*Jacob v. Duane Reade, Inc.*,
No. 11-cv-0160, 2012 U.S. Dist. LEXIS 11053 (S.D.N.Y. Jan. 27, 2012) ......................15, 18

*Jennings v. Cellco P'ship*,
No. 12 Civ. 293 (SRN/TNL) 2012 WL 2568146 (D. Minn. July 2, 2012) ...........................20

*Johnson v. American Airlines, Inc.*,
531 F. Supp. 957 (N.D. Tex. 1982) .........................................................18

*Lee v. ABC Carpet & Home*,
236 F.R.D. 193 (S.D.N.Y. 2006) ...........................................................10

*Lin v. Benihana Nat'l Corp.*,
755 F. Supp. 2d 504, 514 (S.D.N.Y. 2010)..................................................18

iii

**Page**

*Lujan v. Cabana Mgmt.*,
   2011 U.S. Dist. LEXIS 9542 (E.D.N.Y. Feb. 1, 2011)............................................9

*Lynch v. United Services Auto. Ass'n*,
   491 F. Supp. 2d 357, 368 (S.D.N.Y. 2007)............................................................7

*Malloy v. Richard Fleischman & Associates, Inc.*,
   No. 09 Civ. 322 (CM), 2009 U.S. Dist. LEXIS 51790 (S.D.N.Y. June 3, 2009)...................15

*Mentor v. Imperial Parking Sys., Inc.*,
   246 F.R.D. 178, 181 (S.D.N.Y. 2007) ..................................................................9

*Morales v. Plantworks, Inc.*,
   No. 05 Civ. 2349 (DC), 2006 U.S. Dist. LEXIS 4267 (S.D.N.Y. Feb. 2, 2006)......................7

*Morris v. Lettire Constr., Corp.*,
   896 F. Supp. 2d 265 (S.D.N.Y. 2012)..................................................................16

*Myers v. Hertz Corp.*,
   624 F.3d 537 (2d Cir. 2010)..........................................................................7, 9

*Patton v. Thomson Corp.*,
   364 F. Supp. 2d 263 (E.D.N.Y. 2005) ...............................................................8, 9

*Pippins v. KPMG LLP*,
   No. 11 Civ. 0377, 2012 U.S. Dist. LEXIS 949 (S.D.N.Y. Jan. 3, 2012)..........................15, 18

*Raniere v. Citigroup Inc.*,
    827 F. Supp. 2d 294, 327, 2011 U.S. Dist. LEXIS 135393 (S.D.N.Y. Nov. 22, 2011)....15, 18

*Romero v. Producers Dairy Foods, Inc.*,
   235 F.R.D. 474, 492-93 (E.D.Cal. 2006) ..............................................................18

*Rosario v. Valentine Ave. Disc. Store, Co.*,
   No. 10-cv-5255, 2011 U.S. Dist. LEXIS 126634 (S.D.N.Y. Nov. 2, 2011)..........................19

*Sanchez v. Sephora USA, Inc.*,
   No. 11 Civ. 3396 (SBA), 2012 WL 2945753 (N.D. Cal. July 18, 2012)...............................20

*Schwerdtfeger v. Demarchelier Mgmt., Inc.*,
   No. 10 Civ. 7557, 2011 U.S. Dist. LEXIS 60338 (S.D.N.Y. June 6, 2011).............................7

**Page**

*Shain v. Armour & Co.*,
    40 F. Supp. 488 (W.D. Ky. 1941) ...........................................................................7

*Shariar v. Smith & Wollensky Restaurant Group., Inc.*,
    659 F.3d 234 (2d Cir. 2011)....................................................................................7

*Sherrill v. Sutherland Global Servs. Inc.*,
    487 F. Supp. 2d 344 (W.D.N.Y. 2007) .................................................................15

*Spicer v. Pier Sixty LLC*,
    269 F.R.D. 321, 336 (S.D.N.Y. 2010) ....................................................................7

*Summa v. Hofstra Univ.*,
    715 F. Supp. 2d 378 (E.D.N.Y. 2010) ..................................................................14

*Trinidad v. Breakaway Courier Systems*, *Inc.*,
    2007 U.S. Dist. LEXIS 2914, at *11 (S.D.N.Y. Jan. 12, 2007)............................14

*Veliz v. Cintas Corp.*,
    2007 U.S. Dist. LEXIS 24428 (N.D. Cal. Mar. 20, 2007).....................................18

*Whitehorn v. Wolfgang's Steakhouse, Inc.*,
    767 F. Supp. 2d 445 (S.D.N.Y. 2011)...................................................................16

*Winfield v. Citibank, N.A.*,
    No. 10 Civ. 7394 (JGK), 2012 U.S. Dist. LEXIS 16449 (S.D.N.Y. February 9, 2012)...........8

*Wraga v. Marble Lite, Inc.*,
    2006 U.S. Dist. LEXIS 60457 (E.D.N.Y. Aug. 22, 2006).................................8, 10

*Zhao v. Benihana, Inc.*,
    2001 U.S. Dist. LEXIS 10678 (S.D.N.Y. May 7, 2001).........................................10

*Zheng Fang v. Yongjing Zhuang*,
    2010 U.S. Dist. LEXIS 133618 (E.D.N.Y. Dec. 1, 2010) .....................................10

*Zivali v. AT&T Mobility LLC*,
    646 F. Supp. 2d 658, 661 (S.D.N.Y. 2009)..............................................................8

**STATUTES, RULES, AND REGULATIONS**

29 U.S.C.
    § 215(a)(3) ...........................................................................................................14

**Page**

§ 216(b) .................................................................................................. *passim*
§ 256(b) ....................................................................................................17

Federal Rules of Civil Procedure
    Rule 23 ..................................................................................................7, 8

## PRELIMINARY STATEMENT

Defendants Chelsea Industries Inc. d/b/a Same Day Delivery ("Same Day Delivery") and Subcontracting Concepts, LLC d/b/a SCI ("SCI", and collectively with Same Day Delivery, the "Defendants") classify their delivery drivers as independent contractors so that they can treat them as "exempt" from the minimum wage and overtime protections of the Fair Labor Standards Act ("FLSA").  "Need It Now Courier" ("Need It Now") is a New York courier company and SCI client whose drivers were subject to the same SCI policies.  Defendants so classify these drivers without regard to the fact that these individuals are under Defendants' supervision and control and are, when looking to the economic reality of the situation, Defendants' employees. As such, through this motion, named Plaintiffs Milton Greene ("Greene") and Jean Baptiste Turenne ("Turenne", and collectively with Greene, the "Plaintiffs" or the "Named Plaintiffs") seek to protect the rights of all Defendants' delivery drivers providing services within New York who are classified by Defendants as independent contractors (the "Collective Action Members") by timely sending them Court-approved notice of this action so that they can make the informed decision as whether to join this action to recover unpaid minimum wages and overtime premiums that Defendants owe them.

Accordingly, Plaintiffs respectfully submit this memorandum of law in support of their motion for an order:

(1) conditionally certifying Plaintiffs' FLSA minimum wage and overtime claims as an
    FLSA collective action on behalf of two separate classes:

    i.    all delivery drivers who performed services for or on behalf of Same Day
          Delivery and who were classified by Same Day Delivery as independent
          contractors at any time since March 6, 2010 through the present (the
          "Collective Action Period") (the "Same Day Delivery Collective"); and

    ii.   all delivery drivers within New York who performed services for or on behalf
          of Need It Now and with whom SCI has purported to have established an

1

independent contractor relationship with at any time during the Collective Action Period (the "Need It Now Collective").

(2) approving the Notice of Lawsuit with Opportunity to Join ("Notice"), attached to the Pelton Decl. as Exhibit "5", and the Consent to Sue form, attached to the Pelton Decl. as Exhibit "6" for mailing to all Collective Action Members;

(3) directing Defendants to furnish to Plaintiffs in electronically readable form the names, last known addresses, telephone numbers (including cell phone numbers), and email addresses of all Collective Action Members so that Plaintiffs can issue the Notice and require that the Notice be posted within Defendants' work facilities; and

(4) approving the deadline reminder notice ("Deadline Reminder") for mailing to the Collective Action Members, attached to the Pelton Decl. as Exhibit "7".

## STATEMENT OF THE CASE

This FLSA collective action and New York Labor Law class action commenced on March 6, 2013 (the "Complaint"). (Doc. 1.)  Defendants SCI and Robert Slack filed their Answer on April 22, 2013, wherein they denied the material allegations of the Complaint and asserted forty-nine (49) affirmative defenses. (*See* Doc. 6.)  Defendants Same Day Delivery, Karmoko "Doe" and Omar "Doe" filed an Answer to the Complaint on July 2, 2013. (Doc. 18.)

Plaintiffs are employed by Defendants as drivers delivering groceries and medicine for customers of grocery stores and pharmacies throughout Brooklyn, New York.  (Doc. 1 ¶¶ 34, 42, 43, 53.)  Throughout the relevant statutory period, Plaintiffs were classified by Defendants as independent contractors despite always being treated by Defendants as standard employees. (*Id.* at ¶ 34.)

Defendant Same Day Delivery is a courier business providing delivery services to grocery and pharmacy customers. (*Id.* at ¶ 20.) Defendant SCI is a contract administrator and

general contractor of "independent owner/operators" servicing the Courier and Light Trucking Industries with over 11,000 contract drivers servicing 400+ clients in 46 states. (*Id.* at ¶ 21.) Same Day Delivery has contracted with SCI with respect to Same Day Delivery's drivers, including Plaintiffs and the Collective Action Members, and is considered to be SCI's client. (*Id.* at ¶ 22.)  SCI has similarly contracted with other companies, including Need It Now, with respect to their delivery drivers performing courier services in New York, as well as nationwide. (*Id.* at 1 ¶¶ 21, 23.)

In their Complaint, Plaintiffs allege, *inter alia*, that Defendants classified their delivery drivers as independent contractors exempt from minimum wage and overtime, in violation of the FLSA (Count I) and New York Labor Law ("NYLL") (Count II).  (Doc. 1 ¶¶ 28, 29, 36, 47, 68-71.)  In order to be independent contractors and exempt under both the FLSA and NYLL, the economic reality of the relationship between the Defendants and their delivery drivers must ultimately demonstrate that the drivers are in business for themselves and, among other things, establish that the drivers are provided with certain freedoms and control over the conditions of their work.  Plaintiffs Greene and Turenne allege that Defendants treated Plaintiffs and the other Collective Action Members as employees rather than independent contractors (*See* Doc. 1 ¶¶ 30 - 32,58-65.)   As a result, Plaintiffs and the Collective Action Members were improperly classified by Defendants as independent contractors exempt from the FLSA and NYLL and thus deprived of minimum wages and overtime premiums. (*Id.*)

## **STATEMENT OF FACTS**

**Plaintiffs' Job Responsibilities**

Plaintiffs have worked for Defendants as drivers delivering groceries and medicine to the homes of grocery store and pharmacy customers. (Declaration of Brent Pelton in Support of

Plaintiffs' Mot. for Conditional Cert. ("Pelton Decl.") Ex. 2 ¶ 1; Ex. 3 ¶ 1.)[1]  Plaintiffs were

required to sign independent contractor agreements with SCI (the "Owner/Operator Agreement")

despite being treated as standard employees throughout their time working for Defendants. (Ex.

2 ¶2; Ex. 3 ¶ 2.)  The Owner/Operator Agreement is a boiler plate contract with pre-printed type-

written terms with only blank spaces for Plaintiffs' name, address, and the date, and a line for

Defendant Robert Slack ("Slack"), the president of SCI to sign. (*See* Ex. 2-A, "Owner/Operator

Agreement").  Plaintiffs were required to wear Defendants' uniform, report to a designated work

location at a specific time, use Defendants' forms, and carry a company-issued phone in order to

accept delivery assignments from Defendant Karmoko Doe ("Karmoko"). (Ex. 2 ¶ 3, 6; Ex. 3 ¶2,

11.)   Plaintiffs were not permitted to work for other courier companies and if they refused an

assignment from Defendants, they were penalized. (Ex. 2 ¶ 5, 10, Ex. 3 ¶ 3, 8.)

**Plaintiffs' Hours and Pay**

Plaintiffs were typically scheduled to work at least six (6) days per week, from

approximately 11:00 am until between approximately 7:00 pm to 10:00 pm, for a total of

between approximately forty-eight (48) to sixty (60) hours per week, and sometimes more. (Ex.

2 ¶¶ 8-11; Ex. 3 ¶ 7.)  For their work, Plaintiffs were paid at a daily rate regardless of how many

hours Plaintiffs worked or how many deliveries Plaintiffs made, and they received their wages

weekly by either cash or paycheck. (Ex. 2 ¶ 12, 13, 15; Ex. 3 ¶ 9, 11.)  Plaintiffs' paychecks

included the SCI logo. (*Id.*)  Notwithstanding the number of hours Plaintiffs worked, Plaintiffs

were not paid overtime premium wages when working more than forty (40) hours per week. (Ex.

2 ¶ 16; Ex. 3 ¶ 9, 12.)  Plaintiffs were also subject to improper deductions from their paychecks

and required to incur business-related expenses which often times caused their actual take home

---

[1] Unless otherwise indicated, all exhibits referenced herein are attached to the Pelton Decl.

wages to fall well short of minimum wage for all hours worked during the pay period. (Ex. 2 ¶ 18, 19; Ex. 3 ¶ 14, 15)

**Job Responsibilities and Compensation Structure of Other Same Day Delivery Drivers**

All Same Day Delivery drivers had the same job duties and working conditions and were required to sign an "independent contractor" agreement with SCI even though they were treated as standard employees. (Ex. 2 ¶ 2, 20, 21; Ex. 3 ¶ 2, 16, 17.)   Despite being classified by Defendants as independent contractors, Plaintiffs were required by Defendants to, among other things: (i) wear uniforms to work each day, (ii) carry company-issued phones, (iii) take instructions as to what time to arrive at their appointed grocery store or pharmacy, (iv) use Defendants' forms, (v) make deliveries by a certain time, and (vi) check in with their supervisor upon their arrival. (Ex. 2 ¶ 20; Ex. 3 ¶ 16.)

Plaintiffs are aware, based on conversations with their colleagues and through observing the work of other Same Day Delivery drivers, that Defendants' other drivers performed the same job duties as Plaintiffs. (Ex. 2 ¶ 22; Ex. 3 ¶ 18.)   Plaintiffs are also aware that these other drivers were paid at a daily rate, with no overtime premium pay to compensate them for the hours they worked in excess of forty in a given workweek.  (Ex. 2 ¶¶ 18, 24; Ex. 3 ¶¶ 14, 21.)

**SCI's Common Policies for Need It Now Drivers**

Besides entering into a contractual relationship with Same Day Delivery and independent contractor agreements with Same Day Delivery drivers, SCI also contacted with other New York courier companies, including Need It Now, and their drivers and implemented the same corporate policies and practices.  Plaintiffs are aware based on their observations and discussions with other drivers working in New York that drivers who have entered into independent contractor agreements with SCI have the same job duties and compensation structure as

Plaintiffs. (Ex. 2 ¶¶ 2, 21; Ex. 3 ¶¶ 17, 19, 20.)  Specifically, Plaintiffs have spoken with drivers working for Need It Now and are aware that these drivers were also required to sign independent contractor agreements with SCI despite being treated as standard employees. (*Id.*)

Plaintiffs are also aware, through the filings in a related action titled *Ouedraogo, et al. v. A-1 International Courier Service, Inc., et al.*, No. 12 Civ. 05651 (AJN) (the "*Ouedraogo* Action"), that delivery drivers for other courier companies in New York that have contracted with Defendant SCI are similarly classified as independent contractors exempt from the FLSA, despite the fact that they are treated as standard employees. *See generally Ouedraogo*, 12 Civ. 05651 (AJN), Dkt. No. 16 (Amended Complaint).[2]  Specifically, as set forth in the declaration of Moussa Ouedraogo ("Ouedraogo"), filed in support of plaintiff's motion for FLSA conditional certification in the *Ouedraogo* Action (Dkt. No. 17), delivery drivers from A-1 International Courier Service, Inc. ("A-1 International") were required to sign independent contractor agreements with SCI (*see* Ex. 4 ¶¶ 4, 5.) but were treated as employees. (*Id*. at ¶¶ 2, 4, 5, 6, 12, 13, 15.)  Further, based on his conversations with other A-1 International drivers, Ouedraogo was aware that they were required to sign the same boiler plate independent contractor agreement with SCI, required to complete the same job duties as Ouedraogo, paid at a daily rate, and did not receive overtime pay for hours worked over forty. (*Id*. at ¶ 17, 18.)

<u>ARGUMENT</u>

## I.    CONDITIONAL CERTIFICATION OF A COLLECTIVE ACTION IS APPROPRIATE

---

[2] Plaintiffs are also aware that notice will issue  in the Ouedraogo action to drivers who provided services at A-1 International's Long Island Queens facility.  (Doc. 69.)  It is appropriate to give notice for all Same Day Delivery and Need It Now drivers in this matter because Plaintiffs have demonstrated personal knowledge of Defendants' policies pertinent to these drivers.

The FLSA's "collective action" provision allows one or more employees to bring an action for wage violations on behalf of themselves and other employees who are "similarly situated." 29 U.S.C. § 216(b); *Shariar v. Smith & Wollensky Restaurant Group, Inc.*, 659 F.3d 234, 243-44 (2d Cir. 2011). "The evident purpose of the [FLSA] is to provide one lawsuit in which the claims of different employees, different in amount but all arising out of the same character of employment, can be presented and adjudicated, regardless of the fact that they are separate and independent of each other." *Shain v. Armour & Co.*, 40 F. Supp. 488, 490 (W.D. Ky. 1941). These collective actions benefit the judicial system by enabling the "efficient resolution in one proceeding of common issues of law and fact." *Hoffman-LaRoche, Inc. v. Sperling*, 493 U.S. 165, 170 (1989).

The Second Circuit Court of Appeals has endorsed a two-step method of certification in an opt-in collective action under the FLSA. *See Myers v. Hertz Corp.*, 624 F.3d 537, 554-55 (2d Cir. 2010). At the first step, the Court must determine whether it is appropriate to send notice to potential opt-in plaintiffs "who may be 'similarly situated' to the named plaintiffs with respect to whether a FLSA violation has occurred," *id.* at 555, thus issuing a "conditional certification" of the collective action. *See Schwerdtfeger v. Demarchelier Mgmt., Inc.*, No. 10 Civ. 7557, 2011 U.S. Dist. LEXIS 60338, at *9 (S.D.N.Y. June 6, 2011); *Guillen v. Marshalls of MA, Inc.*, 750 F. Supp. 2d 469, 475 (S.D.N.Y. 2010) ("Orders authorizing notice are often referred to as orders 'certifying' a collective action, even though the FLSA does not contain a certification requirement."). Because certification at this first early stage is preliminary and subject to reevaluation, the burden for demonstrating that potential plaintiffs are "similarly situated" is very low. *See Lynch v. United Services Auto. Ass'n*, 491 F. Supp. 2d 357, 368 (S.D.N.Y. 2007); *Spicer v. Pier Sixty LLC*, 269 F.R.D. 321, 336 (S.D.N.Y. 2010) ("The first stage, conditional

certification, requires only a modest factual showing based on the pleadings and affidavits that the putative class members were victims of a common policy or plan that violated the law.") (internal citations and quotation marks omitted). "'The leniency of this requirement is consistent with the broad remedial purpose of the FLSA.'" *Spicer*, 269 F.R.D. at 336 (quoting *Morales v. Plantworks, Inc.*, No. 05 Civ. 2349 (DC), 2006 U.S. Dist. LEXIS 4267, at *5 (S.D.N.Y. Feb. 2, 2006)).

"At the second stage, the district court will, on a fuller record, determine whether a so-called 'collective action' may go forward by determining whether the plaintiffs who have opted-in are in fact 'similarly situated' to the named plaintiffs. The action may be 'de-certified' if the record reveals that they are not, and the opt-in plaintiffs' claims may be dismissed without prejudice." *Winfield v. Citibank, N.A.*, No. 10 Civ. 7394 (JGK), 2012 U.S. Dist. LEXIS 16449, at *9 (S.D.N.Y. February 9, 2012) (quoting *Myers*, 624 F.3d at 555).

Here, Plaintiffs Greene and Turenne seek to bring their FLSA claims on behalf of: (i) all individuals who have performed services as drivers for or on behalf of Defendant Same Day Delivery and whom Same Day Delivery has treated and/or classified as "independent contractors" during the Collective Action Period ("Same Day Delivery Collective Action Members") and (ii) all drivers providing courier services for Need It Now with whom Defendant SCI has purported to have established an independent contractor relationship with pursuant to an "independent contractor" agreement during the Collective Action Period ("Need It Now Collective Action Members," collectively with Same Day Delivery Collective Action Members, the "Collective Action Members").

## A.   Conditional Certification Requires Only a Minimal Showing that Plaintiffs Are Similarly Situated to Other Employees

The standard for conditionally certifying a FLSA collective action and authorizing notice to potential opt-in plaintiffs – that the named plaintiffs and the potential opt-in plaintiffs be 'similarly situated' – is "not a stringent one."   *Wraga v. Marble Lite, Inc.*, 2006 U.S. Dist. LEXIS 60457, at \*3 (E.D.N.Y. Aug. 22, 2006) (citing *Hoffman v. Sbarro, Inc.*, 982 F. Supp. 249, 261 (S.D.N.Y. 1997)); *Patton v. Thomson Corp.*, 364 F. Supp. 2d 263, 266-67 (E.D.N.Y. 2005); *Zivali v. AT&T Mobility LLC*, 646 F. Supp. 2d 658, 661 (S.D.N.Y. 2009).   In fact, when exercising its discretion at the conditional certification stage, "the court does not resolve factual disputes, decide substantive issues going to the ultimate merits, or make credibility determinations." *Cunningham v. Elec. Data Sys. Corp.*, 754 F. Supp. 2d 638, 644 (S.D.N.Y. 2010) (internal citations omitted); *see also, Mentor v. Imperial Parking Sys., Inc.*, 246 F.R.D. 178, 181 (S.D.N.Y. 2007) (stating that "the merits of plaintiffs' claims need not be evaluated and discovery need not be completed to approve and disseminate a § 216(b) notice").   Plaintiffs need only make a "modest factual showing that they and potential opt-in plaintiffs together were victims of a common policy or plan that violated the law."   *Myers* 624 F.3d at 554; *Sbarro*, 928 F. Supp. at 261; *see also Gjurovich v. Emmanuel's Marketplace, Inc.*, 282 F. Supp. 2d 101 (S.D.N.Y. 2003).

Likewise, the standard for conditionally certifying an FLSA collective action is considerably easier to meet than the standard required by Fed. R. Civ. P. 23 for class certification.   *Myers*, 624 F.3d at 556; *Lujan v. Cabana Mgmt.*, 2011 U.S. Dist. LEXIS 9542, at \*13 (E.D.N.Y. Feb. 1, 2011) (quoting *Cano v. Four M Food Corp.*, 2009 U.S. Dist. LEXIS 7780, at \*4 (E.D.N.Y. Feb. 3, 2009)).   Pursuant to the very lenient conditional certification standard, the Rule 23(a) and (b)(3) requirements of numerosity, commonality, typicality, adequacy,

predominance, and superiority are all inapplicable in the FLSA context. *Iglesias-Mendoza v. La Belle Farm, Inc.*, 239 F.R.D. 363, 368 (S.D.N.Y. 2007). This distinction "makes sense," since "[t]he FLSA's opt-in provision simply provides an opportunity for potential plaintiffs to join the action but does not bind those who do not; by contrast, the 'opt-out' regime under Rule 23 does bind absent class members who nevertheless are deemed to have had adequate opportunities to participate in the action brought on their behalf." *Patton*, 364 F. Supp. 2d at 267.

The amount of evidence Plaintiffs must put forward to prevail in the 'similarly situated' inquiry is minimal. Statements of the Named Plaintiffs and opt-in plaintiffs setting forth their personal knowledge of defendants' common violations of the FLSA are more than enough to warrant FLSA conditional certification. *See, e.g.*, *Cano*, 2009 U.S. Dist. LEXIS 7780, at *17; *Zheng Fang v. Yongjing Zhuang*, 2010 U.S. Dist. LEXIS 133618, at *7-8 (E.D.N.Y. Dec. 1, 2010) (one affidavit sufficient); *Iriarte v. Redwood Deli & Catering, Inc.*, 2008 U.S. Dist. LEXIS 50072, at *9 (E.D.N.Y. June 30, 2008) (same); *Wraga*, 2006 U.S. Dist. LEXIS 60457, at *5-6 (several affidavits sufficient); *Zhao v. Benihana, Inc.*, 2001 U.S. Dist. LEXIS 10678, at *12 (S.D.N.Y. May 7, 2001) (one affidavit based on plaintiff's "best knowledge" sufficient).

Motions for conditional certification and court-approved notice are routinely granted in district courts in New York for FLSA cases where plaintiffs are subject to defendants' company wide policy of misclassifying their workers as independent contractors. In *Gayle v. Harry's Nurses Registry, Inc.*, 2009 U.S. Dist. LEXIS 17768, 33-34 (E.D.N.Y. Mar. 9, 2009), a plaintiff nurse sued an entity purporting to be a "referral service" for her and approximately 500 nurses at any given time, classifying them as independent contractors. There the court certified the FLSA collective reasoning, in part, that "If plaintiff has a viable FLSA claim against defendants as the result of their classification of her position, it is likely that there are other similarly situated

employees who have similarly viable claims." *Id. See also Lee v. ABC Carpet & Home*, 236 F.R.D. 193, 198 (S.D.N.Y. 2006) (certifying class as to 16 separate but related corporate entities where single named plaintiff had alleged misclassification as an "independent contractor" as the unifying common policy at issue); *Ansoumana v. Gristede's Operating Corp.*, 255 F. Supp. 2d 184 (S.D.N.Y. 2003) (granting previously certified class and collective delivery worker plaintiffs' summary judgment motion, holding that the workers were employees of, and not independent contractors for, the defendant retail chain that had attempted to outsource its requirements for delivery workers and the entity to which it had attempted to outsource its needs).

Here, Plaintiffs' affidavits, along with the declaration of Ouedraogo, and the pleadings on the record present more than enough evidence to satisfy Plaintiffs' evidentiary burden. As demonstrated more fully in the Statement of Facts section above, the facts in this case fit neatly with the contours of the well-settled 'similarly situated' inquiry.

### B.    All Same Day Delivery Collective Action Members Are Similarly Situated

Plaintiffs Greene and Turenne and Same Day Delivery Collective Action Members were all employed by Defendants as delivery drivers with the responsibility of delivering groceries and medicine to the homes of grocery store and pharmacy customers. All were required to sign an "independent contractor" agreement with SCI, were typically required to work approximately 48 to 60 hours per week and received a daily wage rate regardless of how many hours they worked each week. Throughout the entire Collective Action Period, the Defendants classified Plaintiffs and the Same Day Delivery Collective Action Members as independent contractors and FLSA "exempt" workers, such that the Defendants had a corporate policy of not paying the Same Day Delivery Collective Action Members minimum wages and overtime for hours worked in excess of forty (40) in a week. Perhaps more importantly, Defendants classified their drivers

as independent contractors despite treating them as employees by, among other things, requiring drivers to wear Defendants' uniforms, report to designated work locations by specific times, complete all assigned deliveries and carry company issues phones.  Hence, all  Same Day Delivery Collective Action Members were similarly situated with respect to Defendants' improper uniform policy of misclassifying its drivers as independent contractors and maintaining its unlawful pay policy of failing to pay minimum wages and overtime pay at the legally mandated overtime rate.

Courts routinely grant conditional certification where plaintiffs present similar job descriptions and other evidence of common job duties.  *See, e.g. Cohen v. Gerson Lehrman Grp., Inc.,* 686 F. Supp. 2d 317, 330-31 (S.D.N.Y. 2010) (granting conditional certification based on complaint and affidavit alleging that plaintiff and potential opt-ins had similar duties and were classified as exempt); *Indergit v. Rite Aid Corp.,* No. 08 Civ. 9361 & 11364, 2010 WL 2465488, at 3 (S.D.N.Y. June 16, 2010) (holding that evidence that "all [Assistant Store Managers] perform basically the same duties, are sufficient at this stage to meet Plaintiff's burden"); *Damassia v. Duane Reade, Inc.*, 2006 U.S. Dist. LEXIS 73090 at *20 (S.D.N.Y. Oct. 5, 2006) (concluding that plaintiff assistant store managers were similarly situated to opt-in class where all were uniformly classified as exempt).  Here, the Named Plaintiffs provide testimony that they performed substantially the same duties as the other Same Day Delivery Collective Action Members and subject to the same pay policies.  This evidence is sufficient to meet their minimal burden to show that they and other Same Day Delivery Collective Action Members are similarly situated and demonstrate that conditional certification of the Same Day Delivery Collective Action is appropriate at this time.

**C.     All  Need It Now Collective Action Members Are Similarly Situated**

Plaintiffs' affidavits, along with Ouedraogo's declaration and the pleadings on record likewise present more than enough evidence to establish that Plaintiffs Greene and Turenne are similarly situated to the Need It Now Collective Action Members.  Plaintiffs Greene and Turenne and the Need It Now Collective Action Members were responsible for, among other things, completing deliveries for SCI's clients throughout New York.  Ouedraogo, Plaintiffs Greene and Turenne and and the Need It Now Collective Action members were required to sign independent contractor agreements with SCI despite being treated as standard employees, and were paid at a daily rate regardless of how many hours they worked per week.

Plaintiffs allege that SCI maintained the same corporate policies and procedures for all its clients' drivers throughout New York, relying on discussions with drivers providing delivery services for SCI's other New York clients, including Need It Now. (Ex. 2  ¶¶ 21, 22, 23; Ex. 3 ¶¶ 17, 19, 20.)  In further support of Plaintiffs' allegations, Ouedraogo's declaration testifies to the fact that he, along with other delivery drivers, worked for A-1 International, another SCI client and courier company located in New York and were required to sign independent contractor agreements with SCI, received paychecks with SCI's name and logo, were required to report to their assigned A-1 facility by a certain time, paid at a daily rate, and did not receive overtime for hours worked over forty. (Ex. 4 ¶¶ 2, 4, 5, 6, 9, 12, 13, 15, 17, 18.)

Since they held the same positions and were paid pursuant to the same policy, the claims of Plaintiffs and the Need It Now Collective Action Members for unpaid minimum wages and overtime premiums rely on the same legal theories and any defenses to their claims would be common to all Need It Now Collective Action Members.  All are also similarly affected by the question of whether SCI's violations were "willful" as that term is defined in the FLSA.

In light of the extensive similarities between Plaintiffs Greene and Turenne and the Need It Now Collective Action Members, and the lenient 'similarly situated' inquiry, conditional certification of the Need It Now Collective Action is appropriate at this time.

## II.   THE ISSUANCE OF A *HOFFMAN-LAROCHE* NOTICE IS APPROPRIATE

The U.S. Supreme Court has endorsed the practice of issuing notice to inform potential opt-in plaintiffs of a pending collective action, and indeed issuance of such notice is now standard practice. *Hoffman-LaRoche*, 493 U.S. at 170.  Notice serves the goals of "avoiding a multiplicity of duplicative suits and setting cutoff dates to expedite disposition of the action," and prevents the possibility of "misleading communications" from the parties to potential opt-in plaintiffs.  *Id.* at 171-72; *Braunstein v. Eastern Photographic Laboratories, Inc.*, 600 F.2d 335, 335-36 (2d Cir. 1979); *Summa v. Hofstra Univ.*, 715 F. Supp. 2d 378, 385 (E.D.N.Y. 2010). Indeed, once a collective action is conditionally certified, it depends "on employees receiving accurate and timely notice concerning the pendency of the collective action, so that they can make informed decisions about whether to participate." *Hoffman-LaRoche*. at 170.

It is well established that district courts may authorize notice to potential opt-in plaintiffs. *See, e.g., Braunstein*, 600 F.2d at 335-36; *Trinidad v. Breakaway Courier Systems, Inc.*, 2007 U.S. Dist. LEXIS 2914, at *11 (S.D.N.Y. Jan. 12, 2007); *Sbarro*, 982 F. Supp. at 261 (citing *Hoffman-La Roche*); *Gjurovich*, 282 F. Supp. 2d at 104.

### A.   The Proposed Notice Is Fair and Accurate

Plaintiffs' proposal for court-approved Notice is "timely, accurate, and informative." *Hoffman-LaRoche*, 493 U.S. at 172.  It provides notice of the pendency of the action and of the opportunity to opt-in.  Plaintiffs' legal claims are accurately described.  Potential opt-ins are advised that Defendants will defend against the claims and that they are not required to participate.  The Notice provides clear instructions on how to opt in and accurately states the

14

prohibition against retaliation or discrimination for participation in an FLSA action.  *See* 29 U.S.C. § 215(a)(3).

This Court should order that notice be provided through two means.  First, as an efficient way to reach all collective action members currently employed by Defendants, the Court should order Defendants to post notice of the collective action and consent forms in a conspicuous location in  Defendants' work related facilities for Same Day Delivery and Need It Now where it can be easily seen by potential collective action members.  Courts in this Circuit and around the country have recognized posting as an efficient, non-burdensome method of notice.  *See, e.g., Jacob v. Duane Reade, Inc.*, No. 11-cv-0160, 2012 U.S. Dist. LEXIS 11053, at *29-30 (S.D.N.Y. Jan. 27, 2012) (allowing notice to be posted at all locations where collective action members work); *Ack v. Manhattan Beer Distributors, Inc.*, No. 11-cv-5582, 2012 U.S. Dist. LEXIS 67883, at *20 (E.D.N.Y. May 15, 2012) (ordering notice to be posted at Defendants' various business locations); *Malloy v. Richard Fleischman & Associates, Inc.*, No. 09 Civ. 322 (CM), 2009 U.S. Dist. LEXIS 51790, at *11 (S.D.N.Y. June 3, 2009) (requiring defendant to "post the notice in each workplace where potential collective action members are employed"); *Sherrill v. Sutherland Global Servs. Inc.,* 487 F. Supp. 2d 344, 351 (W.D.N.Y. 2007) (allowing notice to be posted at defendant's places of business for 90 days and mailed to all class members).

Here, conspicuously posting Notice and consent forms at Defendants' work related facilities for Same Day Delivery and Need It Now will effectively inform all delivery drivers about the collective action claims.  If the Notice is posted conspicuously, the goal of ensuring that all *currently employed* drivers are aware of the lawsuit could be achieved.  Posting the Notice will help rectify any difficulties reaching potential collective action members through sending the Notice, the second form of notice Plaintiffs propose.

15

Plaintiffs propose that Notice and consent forms be mailed by first class mail and electronic mail to potential opt-in plaintiffs' last known addresses. *See*, *e.g.*, *Jacob*, No. 11-cv-0160, 2012 U.S. Dist. LEXIS 11053, at *29; *Pippins v. KPMG LLP*, No. 11 Civ. 0377, 2012 U.S. Dist. LEXIS 949, at *41 (S.D.N.Y. Jan. 3, 2012) (recognizing the need for discovery of email addresses, "given the reality of communications today"); *Raniere v. Citigroup Inc.*, 827 F. Supp. 2d 294, 327, 2011 U.S. Dist. LEXIS 135393, at *87-88 (S.D.N.Y. Nov. 22, 2011).  This is consistent with established practice under the FLSA.  *Hoffman-LaRoche*, 493 U.S. at 172; *Gjurovich*, 282 F. Supp.2d at 106-109 (court provides an exhaustive list of specific notice requirements).  The Notice should be sent to all putative plaintiffs who worked for Defendants during the three years preceding the filing of the Complaint. *See, e.g.*, *Rosario v. Valentine Ave. Disc. Store, Co.*, No. 10-cv-5255, 2011 U.S. Dist. LEXIS 126634, at *26-27 (S.D.N.Y. Nov. 2, 2011); *Whitehorn v. Wolfgang's Steakhouse, Inc.*, 767 F. Supp. 2d 445, 451 (S.D.N.Y. 2011). Those members interested in participating would be required to file their consents with Plaintiffs' counsel within 60 days of receiving the form.

Plaintiffs' counsel should also be authorized to send a deadline reminder letter, which serves an important purpose of notifying drivers that their right to join the instant lawsuit is limited.  Courts have discretion in regulating class actions and protecting plaintiffs' First Amendment rights to communicate with prospective putative collective and class action members. *See Hinterberger v. Catholic Health Sys., Inc.,* No. 08 Civ. 380S (LFG), 2010 U.S. Dist. LEXIS 96435, at *33 (W.D.N.Y. May 13, 2010) ("[C]ourt-imposed restrictions on an attorney's ability to communicate with prospective class members…unless factually justified, 'involve serious restraints on expression,' protected by the First Amendment.") (quoting *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 104 (1981)).  Furthermore, courts in the Second Circuit as well as

other jurisdictions have found deadline reminder to be appropriate in order to ensure potential plaintiffs are fully aware of their rights and to promote the FLSA's intended purpose for providing notice to prospective class members. *See, e.g., Morris v. Lettire Constr., Corp.,* 896 F. Supp. 2d 265, 275 (S.D.N.Y. 2012) ("Given that notice under the FLSA is intended to inform as many potential plaintiffs as possible of the collective action and their right to opt-in, we find that a reminder notice is appropriate."); *Jennings v. Cellco P'ship,* No. 12 Civ. 293 (SRN/TNL), 2012 WL 2568146, at 6* (D. Minn. July 2, 2012) (approving distribution of reminder notice, subject to the condition that it contain a disclaimer that the court does not encourage or discourage participation in the case); *Sanchez v. Sephora USA, Inc.,* No. 11 Civ. 3396 (SBA), 2012 WL 2945753, at *6 (N.D. Cal. July 18, 2012) (authorizing a reminder notice on the grounds that such notice "is appropriate in an FLSA action since the individual is not part of the class unless he or she opts-in").

Sending Notice, consent forms and deadline reminders to opt-in plaintiffs is standard operating procedure in this Circuit and throughout the country, and Plaintiffs respectfully request that this Court authorize it.

**B.    This Court Should Order Defendants to Produce the Limited Amount of Information Necessary to Ensure Timely and Effective Notice**

Since only Defendants know the names, addresses, phone numbers (including cell phone numbers), and personal electronic mail addresses of the members of the Same Day Delivery Collective Action and Need It Now Collective Action, early exchange of a mailing list for potential opt-ins is a routine component of notice in collective actions. *Hoffman-LaRoche*, 493 U.S. at 170 (the "District Court was correct to permit discovery of names and addresses …"); *Cook v. United States*, 109 F.R.D. 81, 83 (E.D.N.Y. 1985) ("[c]ertainly, it is 'unlikely that Congress, having created a procedure for representative action, would have wanted to prevent

the class representative from notifying other members of the class that they had a champion'"). Plaintiffs also request that a social security number be provided for any collective action member whose Notice is undeliverable.

Expediting this limited information exchange is particularly important because the FLSA's statute of limitations may not be tolled for particular plaintiffs until they file their "Consent to Sue" forms.  29 U.S.C. § 256(b); *Sbarro*, 982 F. Supp. at 262.  The Southern District of New York routinely orders production of this information in FLSA collective actions. *See, e.g., Jacob*, No. 11 Civ. 0160 (JPO), 2012 U.S. Dist. LEXIS 11053, at *29 (addresses and telephone numbers); *Diaz v S&H Bondi's Dept. Store, Inc.*, No. 10 Civ. 7676 (PGG), 2012 U.S. Dist. LEXIS 5683, at *25 (S.D.N.Y. Jan. 18, 2012) (same); *In re Deloitte & Touche, LLP Overtime Litigation*, No. 11 Civ. 2461 (RMB)(THK), 2012 U.S. Dist. LEXIS 12641, at *5-7 (S.D.N.Y. Jan. 17, 2012) (addresses, telephone numbers and e-mails); *Pippins*, No. 11 Civ. 0377 (CM)(JLC), 2012 U.S. Dist. LEXIS 949, at *40-43 (addresses and telephone numbers, as well as emails and social security numbers for class members whose notices are returned); *Raniere v. Citigroup Inc.*, 827 F. Supp. 2d at 327  (names, last known addresses, telephone numbers (both home and mobile), and e-mail addresses); *Lin v. Benihana Nat'l Corp.*, 755 F. Supp. 2d 504, 514 (S.D.N.Y. 2010) (requiring production of names, addresses, and telephone numbers, and noting that "[c]ourts in the Second Circuit have been progressively more expansive regarding the extent of employee information they will order defendants to produce in FLSA collective actions, even at the pre-certification stage").

Plaintiffs are not requesting unusual or extraordinary relief.  Plaintiffs' request is limited to information clearly within the discretion of this Court to order.  Plaintiffs respectfully request

that this Court order Defendants to provide the information listed above in paper and digital format, to expedite the posting and mailing of notice.

## **CONCLUSION**

For all of the foregoing reasons, this Court should issue an order that: (i) allows this case to proceed as a collective action on behalf of Same Day Delivery Collective Action Members and Need It Now Collective Action Members for their FLSA claims for unpaid minimum wages and overtime (Count I); (ii) requires Defendants to post notice at grocery stores, pharmacies and other related work facilities for Same Day Delivery and Need It Now where Defendants have contracted to provide courier services and authorizes Plaintiffs to send notice to all members of both the Same Day Delivery Collective Action and Need It Now Collective Action by first class mail and electronic mail; (iii) directs Defendants to produce to Plaintiffs the last known mailing addresses, phone numbers and electronic mail addresses for all current and former delivery drivers, and social security numbers of the collective action members whose notice is undeliverable; (iv) allows Plaintiffs to mail a Reminder Notice to the Collective Action Members, reminding them of the deadline to opt-in to the action; and (v) such other and further relief that the Court deems proper.

Dated: New York, New York
         August 14, 2013

                                        PELTON & ASSOCIATES, PC

                                        By: ___/s/ *Brent Pelton*_____
                                        Brent E. Pelton (BP 1055)
                                        Taylor B. Graham (TG 9607)
                                        111 Broadway, Suite 1503
                                        New York, New York 10006
                                        Telephone: (212) 385-9700
                                        Facsimile: (212) 385-0800

                                        *Attorneys for Plaintiffs and the putative collective
                                        and class*